McKinney, J.,
delivered the opinion of the Court.
1st. On the motion to dismiss the .writ of error, (granted, in this cause, by one of the Judges of this Court, within hoo years from the • date of the decree, without any order for a swpersedeas, which was not prayed for,) some doubt was at first entertained upon the question, whether, taking sections 3178 and 3181 of the *222 Code together, it was intended to confer power on the Appellate Court, or a Judge thereof, to issue a simple writ of error within two years after the judgment or decree sought to be reversed, unless a supersedeas were also desired.
We are satisfied, on reflection, that the writ of error was properly allowed, and that the power was intended to be conferred on the Appellate Court, or Judge thereof, to award a writ of error merely, without granting a supersedeas.
2d. As regards the merits of the cause, we think the decree is correct. The proof clearly establishes, that in the latter part of 1852, an agreement was entered into between the parties, by which Harben was empowered to make contracts for the purchase of mineral lands, to be re-sold on speculation; and if approved by Congdon, the latter was to furnish the money to pay for the lands, take the title to himself as purchaser, and upon a re-sale, Harben was to receive one-fourth of the profits realized from the speculation.
It appears that; in pursuance of this contract, several tracts of land were contracted for by Harben, and conveyed to Congdon, and afterwards re-sold by him at a large profit upon the investments. One-fourth of the profits of one of which speculations, namely, the Nelson Carter property, with interest to the date of the decree, amounted to the sum of $7,161.81, for which a decree was rendered in complainant’s favor.
The objection to the decree, is, that the contract between the parties, not being in writing, was void by the Statute of frauds. This objection is not tenable. The contract did not contemplate that any interest in the *223 lands should be vested in Harben. The legal effect of the contract was merely to confer on- him an agency to make contracts for the purchase, and the stipulation that he should have one-fourth of the. profits of the speculation, was merely a mode of compensation for his services. To. such a contract, the Statute of frauds and perjuries has no application.
It may possibly be correct, as argued, that a Court of Equity would declare the complainant’s proportion of the profits to be a. lien upon the lands, to secure the payment thereof; but this does not help the argument. This is done in favor of a purchaser of lands by parol contract, who has advanced the purchase money upon the faith of such contract, which the other party refused to execute.
Decree affirmed.